**MOTION INFORMATION STATEMENT**

Docket Number(s): 19-4338, 20-158, 20-208 _____ Caption [use short title] _____

Motion for: Dismissal

N.Y. State Dep't of Envt'l Conservation, et al. v.
Federal Energy Regulatory Commission

Set forth below precise, complete statement of relief sought:

Motion to dismiss for lack of jurisdiction

MOVING PARTY: Federal Energy Regulatory Commission          OPPOSING PARTY: N.Y. State Dep't of Envt'l Conservation, et al.

☐ Plaintiff          ☐ Defendant
☐ Appellant/Petitioner          ☑ Appellee/Respondent

MOVING ATTORNEY: Susanna Y. Chu          OPPOSING ATTORNEY: Frederick Brodie, Moneen Nasmith, Anne-Marie Garti

[name of attorney, with firm, address, phone number and e-mail]

888 First St. NE, Washington DC 20426          Frederick Brodie, (518) 776-2317, Frederick.Brodie@ag.ny.gov

202-502-8464          Moneen Nasmith, (212) 823-4982, mnasmith@earthjustice.org

Susanna.Chu@ferc.gov          Anne-Marie Garti, (718) 601-9618, annemarie@garti.net

Court-Judge/Agency appealed from: Federal Energy Regulatory Commission

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes ☐ No (explain): _____

Opposing counsel's position on motion:
☐ Unopposed ☐ Opposed ☑ Don't Know
Does opposing counsel intend to file a response:
☑ Yes ☐ No ☐ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**

Has request for relief been made below?          ☐ Yes ☐ No
Has this relief been previously sought in this Court?          ☐ Yes ☐ No
Requested return date and explanation of emergency: _____

Is oral argument on motion requested?          ☐ Yes ☑ No  (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?          ☐ Yes ☑ No  If yes, enter date: _____

Signature of Moving Attorney:
/s/ Susanna Y. Chu _____ Date: Jan. 25, 2021          Service by: ☑ CM/ECF  ☐ Other [Attach proof of service]

**Form T-1080** (rev. 12-13)

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

New York State Department of
   Environmental Conservation, *et al.*,

        *Petitioners*,

   v.

Federal Energy Regulatory Commission,

        *Respondent*.

Nos. 19-4338, 20-158,
and 20-208 (consolidated)

## MOTION TO DISMISS OF RESPONDENT
## FEDERAL ENERGY REGULATORY COMMISSION

Pursuant to Rule 27 of the Federal Rules of Appellate Procedure and Local
Rule 27.1, Respondent Federal Energy Regulatory Commission ("FERC" or the
"Commission") hereby moves for dismissal of the above-captioned petitions.
These petitions relate to Commission orders concerning the defunct Constitution
pipeline project, an interstate natural gas pipeline that would have transported
natural gas between Pennsylvania and New York.  Because the pipeline developer
has cancelled the project, and because the Commission's authorization for the
pipeline lapsed on December 2, 2020, all pending appeals arising from
Commission orders addressing the Constitution pipeline project are moot.
Accordingly, the Commission is filing this motion to dismiss concurrently in two
sets of petitions for review concerning the Constitution pipeline project:

(1) *Catskill Mountainkeeper, Inc., et al. v. FERC*, Nos. 16-345 and 16-361

(consolidated), and (2) *New York State Department of Environmental*

*Conservation, et al. v. FERC*, Nos. 19-4338, 20-158, and 20-208 (consolidated).[1]

## **BACKGROUND**

In December 2014, the Commission issued a certificate of "public

convenience and necessity" to Constitution Pipeline Co., LLC ("Constitution")

under the Natural Gas Act, 15 U.S.C. § 717f(c), conditionally authorizing

Constitution to construct and operate a natural gas pipeline project between

Pennsylvania and New York. *Constitution Pipeline Co., LLC*, 149 FERC ¶ 61,199

(2014), *on reh'g*, 154 FERC ¶ 61,046 (2014) ("Certificate Orders"). In *Catskill*

*Mountainkeeper, Inc., et al. v. FERC*, Nos. 16-345 and 16-361 (consolidated),

petitioners seek judicial review of the Certificate Orders. In *New York State*

*Department of Environmental Conservation, et al. v. FERC*, Nos. 19-4338, 20-158,

and 20-208 (consolidated), petitioners seek review of the Commission's later

determination that New York waived its water quality certification authority with

respect to the pipeline project under section 401 of the Clean Water Act, 13 U.S.C.

§ 1341(a)(1). *Constitution Pipeline Co., LLC*, 168 FERC ¶ 61,129 (2019), *on*

*reh'g*, 169 FERC ¶ 61,199 (2019) ("Waiver Orders").

---

[1] Because petitioner in *Holleran v. FERC*, No. 20-487, has moved for voluntary dismissal, this motion does not address the *Holleran* case.

The FERC Certificate Orders conditioned authorization of the pipeline project on the satisfaction of certain environmental and regulatory requirements. *See* 149 FERC ¶ 61,199, Appendix, Environmental Conditions.  As relevant here, the Commission required Constitution to complete construction and place the pipeline into service "within 24 months from the date of the order," i.e., by December 2, 2016.  *Id.*, Ordering Para. E.  Later, the deadline for project completion was extended to December 2, 2020.  165 FERC ¶ 61,081 (2018).

While these appeals were pending, Constitution announced—publicly and in regulatory and court filings—that it did not intend to pursue the project.  For example, in a filing in a district court in the Northern District of New York, Constitution explained that it was not pursuing the pipeline project, and provided a copy of an April 13, 2020 letter to Petitioner New York State Department of Environmental Conservation, advising that, "because of our decision not to proceed with the Project, Constitution will not act on [FERC's] waiver determination."  Mot. to Dissolve Inj., Decl. of Elizabeth U. Witmer, Ex. A, *Constitution Pipeline Co., LLC v. A Permanent Easement for 1.16 Acres*, No. 14-2071 (N.D.N.Y. Apr. 17, 2020), Att. A, A-024; *see also id.*, Witmer Decl., Ex. B (attaching copy of company's Form 10-K, filed with the U.S. Securities and Exchange Commission, disclosing that "further development [of the Constitution pipeline] is no longer supported"), Att. A, A-027.

On November 24, 2020, Constitution filed a status report with the Commission, confirming that Constitution had "determined not to move forward with th[e] Project." Constitution Pipeline Co., LLC, Constitution Pipeline Project Status Update and Final Monitoring Report, Nov. 24, 2020, Att. B, A-037. The Constitution report further stated that it had completed site stabilization and restoration activities, resolved eminent domain litigation, and concluded state regulatory proceedings relating to the cancelled pipeline project. *Id.*

The construction deadline passed on December 2, 2020, and the Commission's authorization of the Constitution Pipeline Project lapsed.

## ARGUMENT

"Under Article III of the Constitution, federal courts are empowered to adjudicate only actual, ongoing cases or controversies." *Del. Riverkeeper Network v. N.Y. State Dep't of Envt'l Conservation*, 78 F. App'x 65, 66 (2d Cir. 2019) (quoting *Deeper Life Christian Fellowship, Inc. v. Sobol*, 948 F.2d 79, 81 (2d Cir. 1991)). A live controversy "must exist at every stage of the proceeding, including the appellate stage," and "[a] case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Freedom Party v. N.Y. State Bd. of Elections*, 77 F.3d 660, 662 (2d Cir. 1996). If the Court's decision "will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future," a case must be

dismissed as moot. *Del. Riverkeeper*, 78 F. App'x at 66 (citation and internal quotation marks omitted); *see also Video Tutorial Servs., Inc. v. MCI Telecommunications Corp.*, 79 F.3d 3, 5-6 (2d Cir. 1996) (*per curiam*) ("When an appeal becomes moot, we must dismiss it, since we have no jurisdiction over moot controversies.").

Under well-settled law, these appeals are moot and must be dismissed. As described above, the pipeline project at issue in these appeals is not being constructed. *Supra* pp. 3-4. After announcing its intent not to pursue the project, Constitution completed site stabilization work and concluded regulatory proceedings relating to the cancelled pipeline. *Id.* The Commission's deadline for completion of the project passed on December 2, 2020, and no requests for an extension are pending in the agency docket. *Id.*

Accordingly, there is no live controversy concerning either (1) the merits of the Commission's authorization of the Constitution Pipeline (Nos. 16-345 and 16-361 (consolidated)), or (2) the Commission's determination that New York waived its Clean Water Act water quality certification authority with respect to the now-cancelled pipeline project (Nos. 19-4338, 20-158, and 20-208 (consolidated)). Any decision by the Court concerning issues raised in the challenged Commission orders "would violate the well-settled rule against issuing advisory opinions." *Freedom Party*, 77 F.3d at 663.

## **CONCLUSION**

For the foregoing reasons, the petitions should be dismissed as moot.

Respectfully submitted,

Robert H. Solomon
Solicitor

*/s/ Susanna Y. Chu*
Susanna Y. Chu
Attorney

Federal Energy Regulatory Commission
888 First Street, NE
Washington, D.C. 20426
Fax: (202) 273-0901
Tel.: (202) 502-8464
Email Susanna.Chu@ferc.gov

January 25, 2021

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I certify that this motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 1,007 words.

I further certify, pursuant to Fed. R. App. P. 27(d)(1)(E), that this motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in Times New Roman 14-point font using Microsoft Word for Office 365.

*/s/ Susanna Y. Chu*
Susanna Y. Chu
Attorney

Federal Energy Regulatory
  Commission
Washington, DC  20426
TEL:  (202) 502-8464
FAX: (202) 273-0901
Susanna.Chu@ferc.gov

January 25, 2021

## **CERTIFICATE OF SERVICE**

I hereby certify that, on January 25, 2021, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties via the Court's electronic filing system.


*/s/ Susanna Y. Chu*
Susanna Y. Chu
Attorney



**Attachment A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| CONSTITUTION PIPELINE COMPANY, LLC | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | Case No. <u>3:14-cv-02071-NAM-RFT</u> |
| A PERMANENT EASEMENT FOR 1.16 ACRES AND TEMPORARY EASEMENT FOR 1.59 ACRES IN DAVENPORT, DELWARE COUNTY, NEW YORK, TAX PARCEL NUMBER 17.-2-4.3, GLENN T. BERTRAND, et al. | : | **Electronically Filed** |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |

### <u>NOTICE OF MOTION</u>

**PLEASE TAKE NOTICE**
**MOTION BY:**

**SAUL EWING ARNSTEIN & LEHR LLP**
Elizabeth U. Witmer, Esq. (519082)
Sean T. O'Neill, Esq. (519083)
Saul Ewing Arnstein & Lehr LLP
1200 Liberty Ridge Drive, Suite 200
Wayne, PA 19087-5569
(610) 251-5062
Elizabeth.Witmer@saul.com
Sean.Oneill@saul.com

John P. Stockli, Jr., Esq. (301096)
Stockli Slevin, LLP
1826 Western Avenue
Albany, New York  12203
(518) 449-3125
jstockli@ss-legal.com

Yvonne E. Hennessey, Esq. (510021)
Barclay Damon LLP
80 State Street
Albany, New York  12207
(518) 429-4293
yhennessey@barclaydamon.com

*Attorneys for Plaintiff Constitution Pipeline Company, LLC*

**DATE, TIME and PLACE OF HEARING:** May 20, 2020 at 10:00 A.M.

Federal Building and US Courthouse
100 South Clinton Street
Syracuse, NY 13261

**SUPPORTING PAPERS:** Memorandum of Law, dated April 17, 2020, and Declaration of Elizabeth U. Witmer, dated April 17, 2020, with exhibits attached thereto.

**RELIEF DEMANDED:** An Order, pursuant to Fed. R. Civ. P. 60(b)(6), dissolving Plaintiff's Injunction Granted by Possession Order, together with such other and further relief as the Court deems just and proper.

**GROUNDS FOR RELIEF:** The facts supporting the need for the injunction granted have changed.  Plaintiff has determined that further financial support of the Project's development was not the best use of either its financial or human resources.  Although Plaintiff continues to believe in the Project's mission, which was to transport inexpensive and clean burning natural gas from Pennsylvania to New York and New England, Plaintiff ultimately determined that further financial support of the Project's development was not the best use of either its financial or human resources, such that it has decided to end its attempt to build the Project. Plaintiff seeks to relinquish possession of the Rights of Way to the Landowners, and proceed to the determination of compensation due for the time it had such possession.

**DEMAND FOR ANSWERING PAPERS:** Answering and reply papers shall be filed in accordance with NDNY Local Rule 7.1(b).

2

**DATED:** April 17, 2020

**SAUL EWING ARNSTEIN & LEHR LLP**
By: s/ Elizabeth U. Witmer
Elizabeth U. Witmer, Esq. (519082)
Sean T. O'Neill, Esq. (519083)
Saul Ewing Arnstein & Lehr LLP
1200 Liberty Ridge Drive, Suite 200
Wayne, PA 19087-5569
(610) 251-5062
Elizabeth.Witmer@saul.com
Sean.Oneill@saul.com

John P. Stockli, Jr., Esq. (301096)
Stockli Slevin, LLP
1826 Western Avenue
Albany, New York  12203
(518) 449-3125
jstockli@ss-legal.com

Yvonne E. Hennessey, Esq. (510021)
Barclay Damon LLP
80 State Street
Albany, New York  12207
(518) 429-4293
yhennessey@barclaydamon.com

*Attorneys for Plaintiff Constitution Pipeline Company, LLC*

36851649.2 04/16/2020

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| CONSTITUTION PIPELINE COMPANY, LLC | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | Case No. <u>3:14-cv-02071-NAM-RFT</u> |
| | : | |
| A PERMANENT EASEMENT FOR 1.16 ACRES AND TEMPORARY EASEMENT FOR 1.59 ACRES IN DAVENPORT, DELWARE COUNTY, NEW YORK, TAX PARCEL NUMBER 17.-2-4.3, GLENN T. BERTRAND, LAURA J. BERTRAND, RUSSELL BERTRAND, et al. | : | **Electronically Filed** |
| | : | |
| Defendants. | : | |

**PROPOSED ORDER**

AND NOW, this _____ day of _____, 2020, upon consideration of

Plaintiff's Omnibus Motion Under Federal Rule of Civil Procedure 60(b)(6) To Dissolve

Injunction Granted, and the documents and arguments submitted in reference thereto, and the

Omnibus Motion is hereby GRANTED and:

(a) The injunction granted by the Possession Order is hereby dissolved as of the date of

this Order, and Plaintiff no longer has access to, possession of and entry to the Rights of Way.  A

copy of the recorded Possession Order, which is hereby dissolved, is attached as Exhibit 1 to this

Order.

(b) The bond posted with the Court as security for the injunction granted by the

Possession Order shall be maintained by Plaintiff until such time as the claims in the Verified

Complaint (which Plaintiff intends to amend to seek only temporary possession of the Rights of

Way from the issuance of the injunction granted by the Possession Order to the date of this Order

dissolving the injunction) are resolved by settlement or trial.

(c)  Plaintiff shall record this Order in the land records of the county in which the Rights

of Way are located.

SO ORDERED

_____

Norman A. Mordue, U.S.D.J.

36851649.2 04/16/2020

**EXHIBIT 1 to Proposed Order**
(Recorded Possession Order)



## Delaware County Clerk
## PO Box 426
## Delhi, NY 13753

**Return to:**

DOYLE LAND SERVICES INC IN SERVICE TO
CONSTITUTION PIPELINE COMPANY LLC
296 MORRIS ROAD 2ND FLOOR
SCHENECTADY, NY 12303

| | | |
|---|---|---|
| **Instrument** | Deed | |
| **Document Number:** | 274434 | BOOK: 1447 PAGE: 220 |

**Grantor**

CONSTITUTION PIPELINE COMPANY LLC

**Grantee**

BERTRAND, GLENN T
BERTRAND, LAURA J
BERTRAND, RUSSELL

**Number of Pages:** 6

**Recorded Date/Time** 04/27/2015 at 12:14 PM

**Receipt Number** 120100

**Note:** ** DO NOT REMOVE - THIS PAGE IS PART OF THE DOCUMENT **

THIS PAGE CONSTITUTES THE CLERK'S ENDORSEMENT, REQUIRED BY SECTION 316-a(5) & 319 OF THE REAL PROPERTY LAW OF THE STATE OF NEW YORK.

*Sharon A. O'Dell*
Sharon A. O'Dell, County Clerk

A-007

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

CONSTITUTION PIPELINE
COMPANY, LLC

    Plaintiff,

  v.

A PERMANENT EASEMENT FOR 1.16
ACRES AND TEMPORARY EASEMENT
FOR 1.59 ACRES IN DAVENPORT,
DELWARE COUNTY, NEW YORK,
TAX PARCEL NUMBER 17.-2-4.3,
GLENN T. BERTRAND, LAURA J.
BERTRAND, RUSSELL BERTRAND AND
ALL UNKNOWN OWNERS,

    Defendants.

CIVIL ACTION

Case No. 3:14-cv-02071-NAM-RFT

**Electronically Filed**

U.S.D.C. FOR THE NORTHERN DISTRICT OF NEW YORK
I, the undersigned Clerk of the Court, do hereby certify that this
is a true, correct and full copy of the original document on file in
my custody.
# of pages (text) 5 ; # of pages including (exhibits) 5
Dated 4/17/2015 Lawrence K. Baerman, Clerk
by _____ Deputy Clerk.

## AMENDED ORDER

AND NOW, this 29th day of March, 2015, upon consideration of Plaintiff's Omnibus

Motion for Preliminary Injunction for Possession of Rights of Way by February 16, 2015

Pursuant to the Natural Gas Act and Federal Rules of Civil Procedure 71.1 and 65, and the

documents and arguments submitted in reference thereto, the Motion is hereby GRANTED and:

  (a)  Upon filing the bond required below, beginning February 16, 2015, Plaintiff

Constitution Pipeline Company, LLC ("Constitution") is granted access to, possession of and

entry to the following Rights of Way:

    1.  A permanent right of way and easement, containing 1.16 acres, as
described as "Area of Permanent Right of Way" in Exhibit A attached
hereto, for the purpose of constructing, operating, maintaining, altering,
repairing, changing the size of, replacing and removing a pipeline and all
related equipment and appurtenances thereto (including but not limited to
meters, fittings, tie-overs, valves, cathodic protection equipment and
launchers and receivers) for the transportation of natural gas, or its
byproducts, and other substances as approved by the Federal Energy

Delaware County Clerk
Document Number 274434
04/27/2015 12:14:10 PM



Regulatory Commission pursuant to the Natural Gas Act and the Order of the Federal Energy Regulatory Commission dated December 2, 2014, Docket Nos. CP13-499-000 and CP13-502-000, 149 FERC ¶ 61,199 (2014); together with all rights and benefits necessary or convenient for the full enjoyment or use of the right of way and easement. Defendants shall have a right of ingress and egress across the permanent right of way, but Defendants shall not build any permanent structures on said permanent right of way or any part thereof, shall not change the grade of said permanent right of way, or any part thereof, shall not plant trees on said permanent right of way, or any part thereof, or use said permanent right of way or any part thereof for a road, or use said permanent right of way or any part thereof in such a way as to interfere with Plaintiff's immediate and unimpeded access to said permanent right of way, or otherwise interfere with Plaintiff's lawful exercise of any of the rights herein granted without first having obtained Plaintiff's approval in writing, and Defendants will not permit others to do any of said acts without first having obtained Plaintiff's approval in writing, except that the landowner may construct a single driveway that crosses the permanent right of way perpendicularly after providing reasonable notice to Plaintiff provided that Defendants do not excavate or change the grade of the permanent right of way during construction of said driveway. Plaintiff shall have the right to cut the driveway if necessary to access the pipeline, but will restore the driveway to its original condition. Within the permanent right of way, Plaintiff shall also have the right from time to time at no additional cost to Defendants to cut and remove all trees including trees considered as a growing crop, all undergrowth and any other obstructions that may injure, endanger or interfere with the construction and use of said pipeline and all related equipment and appurtenances thereto.

2.   Temporary easement of 1.59 acres, as described as "Area of Temporary Workspace" in Exhibit A attached hereto, for use during the pipeline construction and restoration period only for the purpose of ingress, egress and regress and to enter upon, clear off and use for construction and all activities required by the Order of the Federal Energy Regulatory Commission dated December 2, 2014, Docket Nos. CP13-499-000 and CP13-502-000, 149 FERC ¶ 61,199 (2014).

(b)      Constitution shall post a bond in the amount of $8,000.00 as security for the payment of just compensation to Defendants.

(c)      Constitution shall record this Order in the County Clerk's Office of Delaware County, New York.

IT IS SO ORDERED.

Norman A. Mordue
Senior U.S. District Judge

-3-

## EXHIBIT A

757019 1 01/06/2015



## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| CONSTITUTION PIPELINE COMPANY, LLC | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | Case No. 3:14-cv-02071-NAM-RFT |
| A PERMANENT EASEMENT FOR 1.16 ACRES AND TEMPORARY EASEMENT FOR 1.59 ACRES IN DAVENPORT, DELWARE COUNTY, NEW YORK, TAX PARCEL NUMBER 17.-2-4.3, GLENN T. BERTRAND, et al. | : | **Electronically Filed** |
| | : | |
| Defendants. | : | |
| | : | |

## PLAINTIFF'S OMNIBUS MOTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(b)(6) TO DISSOLVE INJUNCTION GRANTED

For all of the reasons set forth in the Memorandum Of Law In Support of Plaintiff's Omnibus Motion Under Federal Rule of Civil Procedure 60(b)(6) To Dissolve Injunction Granted, Plaintiff Constitution Pipeline, LLC, as supported by the Declaration of Elizabeth U. Witmer In Support Of Plaintiff's Omnibus Motion Under Federal Rule of Civil Procedure 60(b)(6) To Dissolve Injunction Granted, and the exhibits thereto, Plaintiff Constitution Pipeline, LLC seeks the following relief:

(a)  That the injunction granted by the Possession Order is hereby dissolved as of the date of this Order, and Plaintiff no longer has access to, possession of and entry to the Rights of Way. A copy of the recorded Possession Order, which is hereby dissolved, is attached as Exhibit 1 to this Order.

(b)  That the bond posted with the Court as security for the injunction granted by the Possession Order shall be maintained by Plaintiff until such time as the claims in the Verified Complaint (which Plaintiff intends to amend to seek only temporary possession of the Rights of Way from the issuance of the injunction granted by the Possession Order to the date of this Order dissolving the injunction) are resolved by settlement or trial.

(c)  That Plaintiff shall record this Order in the land records of the county in which the Rights of Way are located.

Respectfully submitted,

Dated: April 17, 2020

**SAUL EWING ARNSTEIN & LEHR LLP**
By: s/ Elizabeth U. Witmer
Elizabeth U. Witmer, Esq. (519082)
Sean T. O'Neill, Esq. (519083)
Saul Ewing Arnstein & Lehr LLP
1200 Liberty Ridge Drive, Suite 200
Wayne, PA 19087-5569
(610) 251-5062
Elizabeth.Witmer@saul.com
Sean.Oneill@saul.com

John P. Stockli, Jr., Esq. (301096)
Stockli Slevin, LLP
1826 Western Avenue
Albany, New York  12203
(518) 449-3125
jstockli@ss-legal.com

Yvonne E. Hennessey, Esq. (510021)
Barclay Damon LLP
80 State Street
Albany, New York  12207
(518) 429-4293
yhennessey@barclaydamon.com

*Attorneys for Plaintiff Constitution Pipeline Company, LLC*

36851649.2 04/16/2020

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CONSTITUTION PIPELINE COMPANY, LLC | : |
| | : |
| Plaintiff, | : |
| | : |
| | :      CIVIL ACTION |
| v. | : |
| | :      Case No. <u>3:14-cv-02071-NAM-RFT</u> |
| A PERMANENT EASEMENT FOR 1.16 | : |
| ACRES AND TEMPORARY EASEMENT | :      **Electronically Filed** |
| FOR 1.59 ACRES IN DAVENPORT, | : |
| DELWARE COUNTY, NEW YORK, | : |
| TAX PARCEL NUMBER 17.-2-4.3, | : |
| GLENN T. BERTRAND, et al. | : |
| | : |
| Defendants. | : |
| | : |

**DECLARATION OF ELIZABETH U. WITMER IN SUPPORT OF PLAINTIFF'S
OMNIBUS MOTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(b)(6) TO
DISSOLVE INJUNCTION GRANTED**

Elizabeth U. Witmer, Esq. declares under penalties of perjury pursuant to 28 U.S.C. §

1746 as follows:

1.      I am an attorney admitted to practice law in the United States District Court for the

Northern District of New York, and in the United States District Court for the Middle

District of Pennsylvania.  I am also a partner in the law firm Saul Ewing Arnstein & Lehr

LLP, which is counsel for Constitution[1] in the remaining series of condemnation actions

in this Court at the Case Numbers reflected in Appendix A to this Declaration.

2.      I respectfully submit this declaration in support of Constitution's Omnibus Motion Under

Federal Rule of Civil Procedure 60(b)(6) To Dissolve Injunction Granted (the "Omnibus

Motion").

---

[1]      The same definitions used in the Verified Complaints are used in this Declaration.

3.    I am submitting this same declaration in each of the series of condemnation actions filed

at the Case Numbers reflected in Appendix A to this Declaration because Constitution is

seeking uniform relief from the injunction granted in the Order granting Plaintiff's

Omnibus Motion for Preliminary Injunction for Possession of Rights of Way by February

16, 2015 Pursuant to the Natural Gas Act and Federal Rules of Civil Procedure 71.1 and

65 (the "Possession Order").

4.    I make this declaration based on my personal experience, my review of the Exhibits, as

well as my representation of Constitution.

5.    On February 24, 2020, the operator of the Project, The Williams Companies, Inc.

disclosed in public filings with the United States Securities and Exchange Commission

that "[a]lthough Constitution received a certificate of public convenience and necessity

from the FERC to construct and operate the proposed pipeline and obtained, among other

approvals, a waiver of the water quality certification under Section 401 of the Clean

Water Act for the New York portion of the project, the members of Constitution,

following extensive evaluation and discussion, recently determined that the underlying

risk-adjusted return for this greenfield pipeline project has diminished in such a way that

further development is no longer supported."[2]

6.    By letter dated April 13, 2020, Constitution notified the New York State Department of

Environmental Conservation of its decision to withdraw its pending applications for, and

no longer pursue, administratively or otherwise, permits for the Constitution Pipeline

---

[2]    The Williams Companies, Inc., Annual Report (Form 10-K) at 45 (Feb. 24, 2020).  A true
and correct copy of the relevant portion of the Annual Report is attached hereto as
Exhibit B.

2

Project ("Project").  A true and correct copy of the April 13, 2020 letter is attached hereto as Exhibit A.

7.      Despite its continued belief in the Project's mission, which was to transport inexpensive and clean burning natural gas from Pennsylvania to New York and New England, the members of Constitution ultimately determined that "further financial support of the Project's development was not the best use of either our financial or human resources." *See* Exhibit B.

8.      As recited in the Possession Order, when granting the requested injunction for possession of the Rights of Way to Constitution, this Court found that Constitution would suffer irreparable harm if the injunction was not granted:

> With respect to the first condition – irreparable harm absent injunctive relief – Constitution points to the provision in the FERC Order requiring Constitution to complete construction of the project and make the new pipeline facilities available for service within twenty four months of the date of the FERC Order, or by December 2, 2016. The affidavit of Matthew Swift, Constitution's Project Manager, states that if Constitution does not have possession of the rights of way on or about February 16, 2015 for surveys and construction, "there is a likely risk that Constitution will not be able to begin construction in time to allow the Project to be completed by the anticipated in service date of December 2, 2016, which will cause Constitution to fail to comply with the conditions of the FERC Order and to suffer substantial damages."

9.      While Constitution did need possession of the Rights of Way, and entered upon the Rights of Way for surveys and testing required to complete its applications for permits required for construction, those facts have now changed because construction will not occur.  Constitution no longer needs possession of the Rights of Way for survey or construction, because the Project will not be built, even though the time to complete construction under the Certificate Order was extended to December 2020.

10.   As set forth in the Memorandum of Law in support of the Omnibus Motion, because the facts supporting the grant of injunctive relief have changed, Constitution seeks to dissolve the injunctions granted in the Possession Orders, and will thereafter amend the Verified Complaints to seek possession of the Rights of Way only temporarily for the period of time from the posting of the bond required by the Possession Order to the issuance of an Order in this Omnibus Motion.

11.   Constitution seeks to maintain the injunction bonds posted in each of the condemnation actions filed at the Case Numbers reflected in Appendix A to this Declaration.

12.   Although the same Omnibus Motion and supporting documents are being submitted in each of the condemnation actions, an individual proposed Order for each action is being filed which, if entered by the Court, would dissolve the injunction granted by the Possession Order entered in each case.  Attached to each proposed Order as Exhibit 1 is a true and correct copy of the Possession Order in each case which details the injunction that is being dissolved.

13.   I affirm under penalty of perjury that the foregoing is true and accurate.

Dated: April 17, 2020                         **SAUL EWING ARNSTEIN & LEHR LLP**

By: s/ Elizabeth U. Witmer
Elizabeth U. Witmer, Esq. (519082)
Saul Ewing Arnstein & Lehr LLP
1200 Liberty Ridge Drive, Suite 200
Wayne, PA 19087-5569
(610) 251-5062
Elizabeth.Witmer@saul.com

**APPENDIX A**
(to Witmer Declaration)

# APPENDIX A

| NDNY | LANDOWNER FULL NAMES | DOCKET NUMBER | BOND AMOUNT |
|---|---|---|---|
| 1 | Mark E. Archambault | 3:14-cv-02001-NAM-RFT | $26,000 |
| 2 | Michael Aronson | 1:14-cv-02023-NAM-RFT | $7,200 |
| 3 | Douglas Barnard and Susan Barnard | 3:14-cv-02002 -NAM-RFT | $88,000 |
| 4 | Bruce Baxter, Jr. | 3:14-cv-02069-NAM-RFT | $34,000 |
| 5 | Bertrand | 3:14-cv-02071-NAM-RFT | $8,000 |
| 6 | Michael and Dawn M. Bianco | 1:14-cv-02041-NAM-RFT | $4,000 |
| 7 | Dawn M. Bianco f/k/a Dawn Stidham and Michael Bianco | 1:14-cv-02051-NAM-RFT | $2,800 |
| 8 | James E. and Margaret G. Bixby | 1:14-cv-02000 -NAM-RFT | $88,000 |
| 9 | George E. and Ann Blair | 1:14-cv-02003 -NAM-RFT | $81,600 |
| 10 | Board of Cooperative Educational Services, Sole Supervisory District of the Counties of Albany, Schoharie and Schenectady | 1:14-cv-02119-NAM-RFT | $48,400 |
| 11 | Pamela Bohsung | 1:14-cv-02052-NAM-RFT | $800 |
| 12 | Daniel J. Brignoli and Laurajean O. Brignoli, Co-Trustees of the Daniel Joseph Brignoli and Laurajean Oliva Brignoli Family Trust | 3:14-cv-02004-NAM-RFT | $38,000 |
| 13 | Timothy Camann and Christine Camann | 3:14-cv-02026-NAM-RFT | $90,000 |
| 14 | Sami Causevic | 3:14-cv-02053-NAM-RFT | $2,000 |
| 15 | Jean-Diamantis Bizot a/k/a Jean-Diamantis Blizot and Diana Modica | 3:14-CV-02043-NAM-RFT | $34,680 |
| 16 | Thomas C. Earle | 3:14-cv-02045-NAM-RFT | $3,600 |
| 17 | Barbara Elmore | 3:14-cv-02046-NAM-RFT | $76,000 |
| 18 | Jerry and Michelle Fiore | 1:14-cv-02007 -NAM-RFT | $14,400 |
| 19 | Stephen J. Gabaly | 1:14-cv-02112-NAM-RFT | $10,000 |
| 20 | George E. Gabrielsen and Georgia A. Gabrielsen | 1:14-cv-02027-NAM-RFT | $94,800 |
| 21 | George E. Gabrielsen and Georgia A. Gabrielsen | 1:14-cv-02047-NAM-RFT | $2,100 |
| 22 | George E. Gabrielsen and Georgia A. Gabrielsen | 1:14-cv-02048-NAM-RFT | $6,400 |
| 23 | George E. Gabrielsen and Georgia A. Gabrielsen | 1:14-cv-02050-NAM-RFT | $41,600 |
| 24 | Robert E. Goellner and Lillian P. Goellner | 3:14-cv-02008-NAM-RFT | $12,000 |
| 25 | Sharon Gonsalves | 3:14-cv-02028-NAM-RFT | $5,200 |
| 26 | Guisepe a/k/a Giuseppe and Robin M. Fuduli | 3:14-cv-02080-NAM-RFT | $98,000 |
| 27 | Eric V. Haight and Claudia C. Haight | 3:14-cv-02030-NAM-RFT | $62,000 |
| 28 | William M. and Margaret M. Hansen | 3:14-cv-02031-NAM-RFT | $7,200 |
| 29 | Barbara Harju, and Joseph M. Freiss, Co-Trustees of The Barbara F. Harju Trust | 1:14-cv-02054-NAM-RFT | $6,800 |
| 30 | Philip J. and Rachel D. Hulbert | 3:14-cv-02083-NAM-RFT | $19,200 |
| 31 | John J. Hviid | 1:14-cv-02055-NAM-RFT | $3,600 |
| 32 | Elisabetta Iaboni | 3:14-cv-02056-NAM-RFT | $21,612 |
| 33 | Dennis C. Kelly | 1:14-cv-02032-NAM-RFT | $1,600 |
| 34 | Barbara A. Kerr | 1:14-cv-02057-NAM-RFT | $6,400 |
| 35 | Antonio Leva and Clorinda Leva | 1:14-cv-02011-NAM-RFT | $29,800 |
| 36 | Robert J. Lidsky and Beverly Travis | 3:14-cv-02049-NAM-RFT | $11,600 |

# APPENDIX A

| 37 | Anthony S. Macaluso | 3:14-cv-02013-NAM-RFT | $8,000 |
|----|----|----|----|
| 38 | Gary H. Mazanec, Cindy A. Mazanec and Carol J. Gigl | 3:14-cv-02034-NAM-RFT | $34,000 |
| 39 | Michael Meszaros and George J. Meszaros, Jr. | 3:14-cv-02088-NAM-RFT | $56,000 |
| 40 | Lois G. Miller and Jennifer Miller-Heath | 3:14-cv-02059-NAM-RFT | $3,600 |
| 41 | Edward Novak | 3:14-cv-02015-NAM-RFT | $90,000 |
| 42 | Pietro Pennella and Caterina Pennella | 3:14-cv-02093-NAM-RFT | $24,000 |
| 43 | Jane C. Perry | 3:14-cv-02094-NAM-RFT | $50,000 |
| 44 | Judith Ann Poquette and Gregory Poquette | 1:14-cv-02016-NAM-RFT | $16,240 |
| 45 | Barry L. and Sharon K. Przysiecki | 1:14-cv-02061-NAM-RFT | $44,000 |
| 46 | Frederick Rice and Marilyn Isaacs | 3:14-cv-02017-NAM-RFT | $32,000 |
| 47 | William J. Roche and Christine Bender | 3:14-cv-02036-NAM-RFT | $50,000 |
| 48 | Arthur and Susan Rumph | 1:14-cv-02062-NAM-RFT | $400 |
| 49 | Angelo Santoro | 3:14-cv-02118-NAM-RFT | $42,000 |
| 50 | Geoffrey J. Schaffner and Janie A. Schaffner | 3:14-cv-02018-NAM-RFT | $8,000 |
| 51 | James A. Sikora and Karla D. Marks | 3:14-cv-02019-NAM-RFT | $6,000 |
| 52 | Cara C. Smith | 3:14-cv-02102-NAM-RFT | $4,000 |
| 53 | Robert S. Smith | 3:14-cv-02038-NAM-RFT | $3,600 |
| 54 | Michael A. Sodomora and Michael P. Sodomora | 1:14-cv-02063-NAM-RFT | $12,000 |
| 55 | Joshua C. Sparkes | 3:14-cv-02064-NAM-RFT | $29,200 |
| 56 | Linda L. Sperry | 3:14-cv-02020-NAM-RFT | $4,400 |
| 57 | Robert Stack and Anne G. Stack | 3:14-cv-02039-NAM-RFT | $86,000 |
| 58 | Kenneth G. Stanton, III and Juanita A. Stanton | 1:14-cv-02103-NAM-RFT | $50,000 |
| 59 | Kenneth G. Stanton, III and Juanita Stanton | 1:14-cv-02104-NAM-RFT | $44,000 |
| 60 | Kenneth G. Stanton, III and Juanita Stanton | 1:14-cv-02105-NAM-RFT | $88,000 |
| 61 | Richard Stimpfl and Robin Stimpfl | 3:14-cv-02106-NAM-RFT | $6,000 |
| 62 | Rebecca Stanton Terk and Kenneth G. Stanton, III | 1:14-cv-02065-NAM-RFT | $15,058 |
| 63 | Annjeanette H. Wright | 1:14-cv-02066-NAM-RFT | $800 |
| 64 | Robert L. Wright | 1:14-cv-02110-NAM-RFT | $27,140 |
| 65 | Elizabeth Joyce Zipay | 1:14-cv-02067-NAM-RFT | $3,600 |

**EXHIBIT A**
(to Witmer Declaration)



CONSTITUTION PIPELINE

**Constitution Pipeline Company, LLC**
**2800 Post Oak Boulevard (77056)**
**P.O. Box 1396**
**Houston, Texas 77251-1396**
**713/215-2000**

April 13, 2020

Mr. Chris Hogan
Chief, Bureau of Energy Projects Management, NYS
New York State Department of Environmental Conservation
Major Projects Management Section
Division of Environmental Permits
NYS Department of Environmental Conservation
625 Broadway - 4th Floor
Albany, NY 12233-1750

Subject:   **Constitution Pipeline Company, LLC**
           **Constitution Pipeline Permit Withdrawal**
           FERC Docket No. CP13-499-000, CP13-502-000, CP18-5-000
           NYSDEC Permit Closure
           Protection of Waters Permit and Freshwater Wetlands Permit programs

Dear Mr. Hogan,

The purpose of this letter is to notify the New York State Department of Environmental Conservation ("NYSDEC") of Williams Gas Pipeline/Transco and its Constitution Pipeline Company, LLC ("Constitution") partners decision to withdraw its pending applications for, and no longer pursue, administratively or otherwise, permits for the Constitution Pipeline Project ("Project"). Although we continue to believe in the Project's mission, which was to transport inexpensive and clean burning natural gas from Pennsylvania to New York and New England, we ultimately determined that further financial support of the Project's development was not the best use of either our financial or human resources.

We ask that the agency take whatever steps it determines are appropriate to terminate and discontinue the permits NYSDEC issued to Constitution during the geotechnical studies and confirm that we have no further obligations pertaining thereto (NYSDEC Permit Nos. 0-999-00181/00005 / 0-999-00181/00006 / 0-999-00181/00007 / 0-999-00181/00014 / 4-1250-00196 / 0-999-00181/00028).

Also still pending before the agency are applications for Freshwater Wetlands (Application ID: 0-9999-00181/00010), water withdrawal (Application ID: 0-9999-00181/00011), Excavation and



Fill in Navigable Waters (Application ID: 0-9999-00181/00012) and Stream Disturbance (Application ID: 0-9999-00181/00013) (collectively, "State Permits"). These applications were submitted in August 2013 as part of Constitution's Joint Application for the Project requesting, in addition to the State Permits, a Section 401 Water Quality Certification (Application ID: 0-9999-00181/00001). Constitution also applied to the Department for coverage under the New York SPDES General Permit for Stormwater Discharges from Construction Activity for the Project by submitting a Notice of Intent and Stormwater Pollution Prevention Plan.

Since the NYSDEC has taken no action with respect to the State Permits, we are hereby withdrawing the applications and ask that you discontinue any further review thereof. We are also withdrawing our Notice of Intent for coverage under the SPDES General Permit.

As concerns the 401 Water Quality Certification, on August 28, 2019, the Federal Energy Regulatory Commission ("FERC") determined that NYSDEC waived its authority to issue or deny a 401 Water Quality Certificate. On September 27, 2019, the NYSDEC requested from FERC a Rehearing and Stay of Order on Voluntary Remand finding waiver by NYSDEC. FERC denied the Rehearing request and NYSDEC subsequently appealed the waiver issue to the US Second Circuit Court of Appeals. This appellate process, in which Constitution has not intervened, has not yet concluded. Nonetheless, this is to advise NYSDEC that, because of our decision not to proceed with the Project, Constitution will not act on the waiver determination.

We thank you for your courtesy and time and attention to this matter and look forward to working with you in the future on other projects. You may contact me at 713-215-2491 should you have any questions.

Sincerely,
**CONSTITUTION PIPELINE COMPANY, LLC**
**By   Williams Gas Pipeline Company, LLC,**
    **Its Operator**

Lynda Schubring, PMP
Manager Permitting

cc:
Dan Merz, Senior Counsel, Williams
Chris Nichols, Project Manager, Williams
Adam Hills, Environmental Lead, Williams

**EXHIBIT B**
(to Witmer Declaration)

# UNITED STATES SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549

# Form 10-K

(Mark One)

☑ **ANNUAL REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934**

For the fiscal year ended          December 31, 2019

**OR**

☐ **TRANSITION REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934**

For the transition period from                    to

Commission file number 1-4174

# The Williams Companies, Inc.

(Exact Name of Registrant as Specified in Its Charter)

| | |
|---|---|
| Delaware | 73-0569878 |
| (State or Other Jurisdiction of Incorporation or Organization) | (IRS Employer Identification No.) |

One Williams Center

| | | |
|---|---|---|
| Tulsa | Oklahoma | 74172 |
| (Address of Principal Executive Offices) | | (Zip Code) |

918-573-2000
(Registrant's Telephone Number, Including Area Code)

Securities registered pursuant to Section 12(b) of the Act:

| Title of Each Class | Trading Symbol(s) | Name of Each Exchange on Which Registered |
|---|---|---|
| Common Stock, $1.00 par value | WMB | New York Stock Exchange |

Securities registered pursuant to Section 12(g) of the Act:

None

Indicate by check mark if the registrant is a well-known seasoned issuer, as defined in Rule 405 of the Securities Act.   Yes ☑   No ☐

Indicate by check mark if the registrant is not required to file reports pursuant to Section 13 or Section 15(d) of the Act.   Yes ☐   No ☑

Indicate by check mark whether the registrant: (1) has filed all reports required to be filed by Section 13 or 15(d) of the Securities Exchange Act of 1934 during the preceding 12 months (or for such shorter period that the registrant was required to file such reports), and (2) has been subject to such filing requirements for the past 90 days.   Yes ☑   No ☐

Indicate by check mark whether the registrant has submitted electronically every Interactive Data File required to be submitted pursuant to Rule 405 of Regulation S-T (§232.405 of this chapter) during the preceding 12 months (or for such shorter period that the registrant was required to submit such files).   Yes ☑   No ☐

Indicate by check mark whether the registrant is a large accelerated filer, an accelerated filer, a non-accelerated filer, a smaller reporting company, or an emerging growth company. See the definitions of "large accelerated filer," "accelerated filer," "smaller reporting company," and "emerging growth company" in Rule 12b-2 of the Exchange Act.

Large accelerated filer ☑          Accelerated filer ☐          Non-accelerated filer ☐          Smaller reporting company ☐          Emerging growth company ☐

If an emerging growth company, indicate by check mark if the registrant has elected not to use the extended transition period for complying with any new or revised financial accounting standards provided pursuant to Section 13(a) of the Exchange Act. ☐

Indicate by check mark whether the registrant is a shell company (as defined in Rule 12b-2 of the Act).   Yes ☐   No ☑

The aggregate market value of the voting and non-voting common equity held by non-affiliates computed by reference to the price at which the common equity was last sold as of the last business day of the registrant's most recently completed second quarter was approximately $32,986,794,536.

The number of shares outstanding of the registrant's common stock outstanding at February 19, 2020 was 1,212,494,859.

**DOCUMENTS INCORPORATED BY REFERENCE**

Portions of the Registrant's Definitive Proxy Statement for the Registrant's Annual Meeting of Stockholders to be held on April 28, 2020, are incorporated into Part III, as specifically set forth in Part III.

The Williams Companies, Inc.
Notes to Consolidated Financial Statements – (Continued)

The following table presents amounts included in our Consolidated Balance Sheet that are only for the use or obligation of our consolidated VIEs:

|  | December 31, | |
| --- | --- | --- |
|  | 2019 | 2018 |
|  | (Millions) | |
| Assets (liabilities): | | |
| Cash and cash equivalents | $ 102 | $ 33 |
| Trade accounts and other receivables – net | 167 | 62 |
| Other current assets and deferred charges | 5 | 2 |
| Property, plant, and equipment – net | 5,745 | 2,363 |
| Intangible assets – net of accumulated amortization | 2,669 | 1,177 |
| Regulatory assets, deferred charges, and other | 13 | — |
| Accounts payable | (58) | (15) |
| Accrued liabilities | (66) | (115) |
| Regulatory liabilities, deferred income, and other | (283) | (264) |

### Nonconsolidated VIEs

#### Jackalope

At December 31, 2018, we owned a 50 percent interest in Jackalope, which provides gathering and processing services for the Powder River basin and was a VIE due to certain risks shared with customers. In April 2019, we sold our interest in Jackalope for $485 million in cash (see Note 6 – Investing Activities).

#### Brazos Permian II

We own a 15 percent interest in Brazos Permian II (see Note 6 – Investing Activities), which provides gathering and processing services in the Delaware basin and is a VIE due primarily to our limited participating rights as the minority equity holder. At December 31, 2019, the carrying value of our investment in Brazos Permian II was $194 million. Our maximum exposure to loss is limited to the carrying value of our investment.

#### Constitution

As of December 31, 2019, we own a 41 percent interest in Constitution, a subsidiary which proposed a pipeline project extending from Susquehanna County, Pennsylvania, to the Iroquois Gas Transmission and the Tennessee Gas Pipeline systems in New York. Constitution was considered a VIE due to shipper fixed-payment commitments under its long-term firm transportation contracts, and we were the primary beneficiary because we had the power to direct the activities that most significantly impacted Constitution's economic performance during its construction phase. Thus, prior to December 31, 2019, we consolidated Constitution.

Although Constitution received a certificate of public convenience and necessity from the FERC to construct and operate the proposed pipeline and obtained, among other approvals, a waiver of the water quality certification under Section 401 of the Clean Water Act for the New York portion of the project, the members of Constitution, following extensive evaluation and discussion, recently determined that the underlying risk-adjusted return for this greenfield pipeline project has diminished in such a way that further development is no longer supported. Accordingly, we recognized a $354 million impairment of the consolidated capitalized project costs in the fourth quarter of 2019, which considered our estimate of the fair value of the disposal group under various probability-weighted disposal alternatives. (See Note 18 – Fair Value Measurements, Guarantees, and Concentration of Credit Risk.) Our partners' $209 million share of this impairment is reflected within *Net income (loss) attributable to noncontrolling interests* in the Consolidated Statement of Operations.

102

**The Williams Companies, Inc.**
**Notes to Consolidated Financial Statements – (Continued)**

Constitution is still considered a VIE due to insufficient equity at risk, but we are no longer the primary beneficiary. As a result, we deconsolidated Constitution as of December 31, 2019, recognizing a loss on deconsolidation of $27 million in the fourth quarter of 2019, which is included in *Other investing income (loss) - net* in the Consolidated Statement of Operations.

## Note 5 – Related Party Transactions

### Transactions with Equity-Method Investees

We have purchases from our equity-method investees included in *Product costs* in the Consolidated Statement of Operations of $304 million, $236 million, and $226 million for the years ended 2019, 2018, and 2017, respectively. We have $36 million and $18 million included in *Accounts payable* in the Consolidated Balance Sheet with our equity-method investees at December 31, 2019 and 2018, respectively.

We have operating agreements with certain equity-method investees. These operating agreements typically provide for reimbursement or payment to us for certain direct operational payroll and employee benefit costs, materials, supplies, and other charges and also for management services. The total charges to equity-method investees for these fees are $103 million, $75 million, and $67 million for the years ended 2019, 2018, and 2017, respectively.

## Note 6 – Investing Activities

### Other investing income (loss) – net

The following table presents certain items reflected in *Other investing income (loss) – net* in the Consolidated Statement of Operations:

| | Year Ended December 31, | | | | | |
|---|---|---|---|---|---|---|
| | | 2019 | | 2018 | | 2017 |
| | | | (Millions) | | | |
| Impairment of equity-method investments (Note 18) | $ | (186) | $ | (32) | $ | — |
| Gain (loss) on deconsolidation of businesses | | (29) | | 203 | | — |
| Gain on disposition of equity-method investments | | 122 | | — | | 269 |
| Other | | 14 | | 16 | | 13 |
| Other investing income (loss) – net | $ | (79) | $ | 187 | $ | 282 |

### Brazos Permian II Equity-Method Investment

During the fourth quarter of 2018, we contributed the majority of our existing Delaware basin assets and $27 million in cash in exchange for a 15 percent interest in the Brazos Permian II, which consists of gas and crude oil gathering pipelines, natural gas processing, and oil storage facilities. We recorded a deconsolidation gain of $141 million reflected in *Other investing income (loss) – net* in the Consolidated Statement of Operations reflecting the excess of the fair value of our acquired interest over the carrying value of the assets contributed. We estimated the fair value of our interest to be $192 million primarily using a market approach (a Level 3 measurement within the fair value hierarchy). This approach involved the observation of recent transaction multiples in the Permian basin, including recent acquisitions consummated during 2018. Our interest in Brazos Permian II is considered an equity-method investment due to the fact that we are able to exert significant influence over its operating and financial policies.

### RMM Equity-Method Investment

During the third quarter of 2018, our joint venture, RMM, purchased a natural gas and oil gathering and natural gas processing business in Colorado's Denver-Julesburg basin. Our initial economic ownership was 40 percent, but increased to 50 percent at December 31, 2018, based on additional capital contributions made after the initial purchase.

103

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| CONSTITUTION PIPELINE COMPANY, LLC | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | Case No. <u>3:14-cv-02071-NAM-RFT</u> |
| A PERMANENT EASEMENT FOR 1.16 ACRES AND TEMPORARY EASEMENT FOR 1.59 ACRES IN DAVENPORT, DELWARE COUNTY, NEW YORK, TAX PARCEL NUMBER 17.-2-4.3, GLENN T. BERTRAND, et al. | : : : : : : : | **Electronically Filed** |
| | : | |
| Defendants. | : | |
| | : | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OMNIBUS MOTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(b)(6) TO DISSOLVE INJUNCTION GRANTED

In 2015, this Court granted to Constitution Pipeline, LLC ("Constitution") an injunction order granting access to, possession of and entry to Rights of Way[1] which were both temporary and permanent for the construction of the Constitution Pipeline Project (the "Project") on the Property upon the filing of a bond (the "Possession Order")[2].  After five years of litigation relating primarily to the necessary permits for the Project in New York, Constitution's members concluded that, despite their continued belief in the Project's mission, which was to transport inexpensive and clean burning natural gas from Pennsylvania to New York and New England, the "further financial support of the Project's development was not the best use of either our

---

[1]   Defined terms are those used in the Verified Complaint.
[2]   There are 65 pending condemnation cases in which a Possession Order was entered that are listed in Appendix A.  This Motion has been filed in each of the above-referenced condemnation cases.

financial or human resources," and that Constitution will no longer pursue development of the Project.

As set forth herein, and as supported by the Declaration Of Elizabeth U. Witmer In Support Of Plaintiff's Omnibus Motion Under Federal Rule Of Civil Procedure 60(b)(6) To Dissolve Injunction Granted, and the exhibits thereto (the "Witmer Declaration"), Plaintiff Constitution Pipeline, LLC, seeks the following relief:

(a)    That the injunction granted by the Possession Order is hereby dissolved as of the date of this Order and Plaintiff no longer has access to, possession of and entry to the Rights of Way. A copy of the recorded Possession Order, which is hereby dissolved, is attached as Exhibit 1 to this Order.

(b)    That the bond posted with the Court as security for the injunction granted by the Possession Order shall be maintained by Plaintiff until such time as the claims in the Verified Complaint (which Plaintiff intends to amend to seek only temporary possession of the Rights of Way from the issuance of the injunction granted by the Possession Order to the date of this Order dissolving the injunction) are resolved by settlement or trial.

(c)    That Plaintiff shall record this Order in the land records of the county in which the Rights of Way are located.

## I.    FACTS

As recited in the Possession Order, when granting the requested injunction for possession of the Rights of Way to Constitution, this Court found that Constitution would suffer irreparable harm if the injunction was not granted:

> With respect to the first condition – irreparable harm absent injunctive relief – Constitution points to the provision in the FERC Order requiring Constitution to complete construction of the project and make the new pipeline facilities available for service within twenty four months of the date of the FERC Order, or by

December 2, 2016. The affidavit of Matthew Swift, Constitution's Project Manager, states that if Constitution does not have possession of the rights of way on or about February 16, 2015 for surveys and construction, "there is a likely risk that Constitution will not be able to begin construction in time to allow the Project to be completed by the anticipated in service date of December 2, 2016, which will cause Constitution to fail to comply with the conditions of the FERC Order and to suffer substantial damages."

On February 24, 2020, the operator of the Project, The Williams Companies, Inc. disclosed in public filings with the United States Securities and Exchange Commission that "[a]lthough Constitution received a certificate of public convenience and necessity from the FERC to construct and operate the proposed pipeline and obtained, among other approvals, a waiver of the water quality certification under Section 401 of the Clean Water Act for the New York portion of the project, the members of Constitution, following extensive evaluation and discussion, recently determined that the underlying risk-adjusted return for this greenfield pipeline project has diminished in such a way that further development is no longer supported." [3]

Further, by letter dated April 13, 2020, Constitution notified the New York State Department of Environmental Conservation of its decision to withdraw its pending applications for, and no longer pursue, administratively or otherwise, permits for the Constitution Pipeline Project ("Project"). *See* Witmer Declaration, Exhibit A. Despite Constitution's continued belief in the Project's mission, which was to transport inexpensive and clean burning natural gas from Pennsylvania to New York and New England, Constitution ultimately determined that "further financial support of the Project's development was not the best use of either our financial or human resources." *Id.*

---

[3]      *See* Exhibit B to the Witmer Declaration.

36851649.2 04/16/2020

Constitution, therefore, no longer needs possession of the Rights of Way for further survey or construction, because the Project will not be built, even though the time to complete construction under the Certificate Order was extended to December 2020.

## II.     QUESTIONS PRESENTED

1.     Should the injunction granting possession to Constitution of the Rights of Ways, both permanent and temporary, be dissolved?

Answer:  **Yes**

2.     Should Constitution maintain the bonds posted as required by the Possession Order until such time as the case is settled and dismissed, or compensation due under the Complaint is determined by the Court?

Answer:  **Yes**

## III.    THE INJUNCTION FOR POSSESSION SHOULD BE DISSOLVED

"The power of a court of equity to modify a decree of injunctive relief is long-established, broad, and flexible." *Brown v. Plata*, 563 U.S. 493, 542 (2011) (citation omitted). The power to modify injunctions was recognized by the United States Supreme Court in *United States v. Swift & Co.*, 286 U.S. 106 (1932), where Justice Cardozo explained:

> A continuing decree of injunction directed to events to come is subject always to adaptation as events may shape the need.  The distinction is between restraints that give protection to rights fully accrued upon facts so nearly permanent as to be substantially impervious to change, and those that involve the supervision of changing conduct or conditions and are thus provisional and tentative.  The result is all one whether the decree has been entered after litigation or by consent.  In either event, a court does not abdicate its power to revoke or modify its mandate if satisfied that what it has been doing has been turned through changing circumstances into an instrument of wrong.

*Id.* at 114-15 (internal citations omitted).

36851649.2 04/16/2020

Federal Rule of Civil Procedure 60(b)(6) also allows a Court to relieve any part of a final order for any reason that justifies relief.  Further, it has long been recognized that courts may "modify their decrees or injunctions in light of changed circumstances."  *See Tapper v. Hearn*, 833 F.3d 166, 170 (2d Cir. 2016); *see also Aurelius Capital Master, Ltd. v. Republic of Argentina*, 644 F. App'x 98, 106 (2d Cir. 2016) (explaining that modification or termination of an injunction "may be appropriate when an injunction proves to be unworkable or unnecessary as a result of changed circumstances or unforeseen occurrences"); *cf. Biediger v. Quinnipiac Univ.*, 928 F. Supp. 2d 414, 433 (D. Conn. 2013) ("For preliminary injunctions, the decision whether to modify or dissolve the order involves an exercise of the same discretion that a court employs in an initial decision to grant or deny a preliminary injunction, and that discretion is measured by whether the requested modification effectuates or thwarts the purpose behind the injunction.") (internal citations and quotation marks omitted).

Here, the facts supporting the need for the injunction have changed.  Constitution has decided to end its attempt to build the Project.  Constitution, therefore, seeks to relinquish possession of the Rights of Way to the Landowners, and proceed to the determination of compensation due for the time it had such possession.  Constitution also will be amending the Complaint to reflect that it does not seek any permanent easements on the Property, and only seeks possession of the Rights of Way temporarily for the period of time from the date of taking (the date the required bond was filed by Constitution after issuance of the Possession Order) to the date of dissolution of the injunction granted in the Possession Order.

## IV.     CONCLUSION

For the reasons stated above, Constitution seeks to modify and dissolve the Possession

Orders, as set forth in the attached proposed Order.

Respectfully submitted,

Dated: April 17, 2020

**SAUL EWING ARNSTEIN & LEHR LLP**
By: s/ Elizabeth U. Witmer
Elizabeth U. Witmer, Esq. (519082)
Sean T. O'Neill, Esq. (519083)
Saul Ewing Arnstein & Lehr LLP
1200 Liberty Ridge Drive, Suite 200
Wayne, PA 19087-5569
(610) 251-5062
Elizabeth.Witmer@saul.com
Sean.Oneill@saul.com

John P. Stockli, Jr., Esq. (301096)
Stockli Slevin, LLP
1826 Western Avenue
Albany, New York  12203
(518) 449-3125
jstockli@ss-legal.com

Yvonne E. Hennessey, Esq. (510021)
Barclay Damon LLP
80 State Street
Albany, New York  12207
(518) 429-4293
yhennessey@barclaydamon.com

*Attorneys for Plaintiff Constitution Pipeline Company, LLC*

36851649.2 04/16/2020

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONSTITUTION PIPELINE<br>COMPANY, LLC<br><br>Plaintiff,<br><br>v.<br><br>A PERMANENT EASEMENT FOR 1.16<br>ACRES AND TEMPORARY EASEMENT<br>FOR 1.59 ACRES IN DAVENPORT,<br>DELWARE COUNTY, NEW YORK,<br>TAX PARCEL NUMBER 17.-2-4.3,<br>GLENN T. BERTRAND, et al.<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

                                   CIVIL ACTION

         Case No. 3:14-cv-02071-NAM-RFT

             **Electronically Filed**

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2020, I caused true and correct copies of the foregoing

Notice of Motion, Plaintiff's Omnibus Motion Under Federal Rule of Civil Procedure 60(b)(6) to

Dissolve Injunction Granted, Declaration of Elizabeth U. Witmer in Support of Plaintiff's

Omnibus Motion Under Federal Rule of Civil Procedure 60(b)(6) to Dissolve Injunction

Granted, Memorandum of Law in Support of Plaintiff's Omnibus Motion Under Federal Rule of

Civil Procedure 60(b)(6) to Dissolve Injunction Granted and the proposed Order to be served on

the following via the Court's electronic filing system:

Anne Marie Garti, Esquire
P.O. Box 15
Bronx, NY 10471

Dated: April 17, 2020

/s/Elizabeth U. Witmer
Elizabeth U. Witmer, Esq. (519082)
Sean T. O'Neill, Esq. (519083)
Saul Ewing Arnstein & Lehr LLP
1200 Liberty Ridge Drive, Suite 200
Wayne, PA 19087-5569
(610) 251-5062
Elizabeth.Witmer@saul.com
Sean.Oneill@saul.com

John P. Stockli, Jr., Esq. (301096)
Stockli Slevin, LLP
1826 Western Avenue
Albany, New York  12203
(518) 449-3125
jstockli@ss-legal.com

Yvonne E. Hennessey, Esq. (510021)
Barclay Damon LLP
80 State Street
Albany, New York  12207
(518) 429-4293
yhennessey@barclaydamon.com

*Attorneys for Plaintiff Constitution Pipeline Company, LLC*

36851649.2 04/16/2020



**Attachment B**



**Constitution Pipeline Company, LLC**
**2800 Post Oak Boulevard (77056)**
**P.O. Box 1396**
**Houston, Texas 77251-1396**
**713/215-2000**

November 24, 2020

Federal Energy Regulatory Commission
888 First Street, N.E.
Washington, D.C.  20426

Attention:       Kimberly D. Bose, Secretary

**Subject:   Constitution Pipeline Company, LLC**
          **Constitution Pipeline Project Status Update and Final Monitoring Report**
          FERC Docket No. CP13-499-000, CP13-502-000, CP18-5-000

Ladies and Gentlemen,

I write to advise you that Williams Gas Pipeline/Transco and its Constitution Pipeline Company, LLC ("Constitution") partners on the Constitution Pipeline Project ("Project") have determined not to move forward with that Project.  While we continue to believe in the Project's mission, which was to transport inexpensive and clean burning natural gas from Pennsylvania to New York and New England, we ultimately determined that further financial support of the Project's development was not the best use of either our financial or human resources.  Nonetheless, we are pleased that the Project received positive outcomes in recent court proceedings and appreciate the time and effort of the Federal Energy Regulatory Commission ("Commission") in issuing the *Order Issuing Certificates and Approving Abandonment* on December 2, 2014.

**Pennsylvania**

On January 29, 2016, FERC issued a partial Notice to Proceed for non-mechanized tree felling in Pennsylvania and on October 13, 2016, FERC authorized the removal of felled tree material with removal of the felled trees taking place in 2016 and 2017.  Disturbance caused by felled tree material removal has been stabilized.  On September 13, 2018, in accordance with U.S. Army Corps of Engineers (USACE) permit conditions (CENAB-OPR-P-2016-1178-P12), Constitution provided its final Wetland Monitoring Report to the USACE (**Attachment 1**).  The USACE Baltimore District representatives completed a final site visit on October 23, 2018 to confirm final restoration of impacted wetlands and waterbodies. No further restoration activities were required.



_____

Upland areas were monitored following removal of felled tree material and structural best management practices (BMPs) (e.g., rock construction entrances and temporary access roads) were removed once the disturbed areas were stabilized with vegetative cover. On August 13, 2020 the Pennsylvania Department of Environmental Protection (PADEP) accepted our Notice of Termination (NOT) following its concurrence that we had met the vegetative cover requirements (**Attachment 2**).

For three years, from the fall of 2017 when the initial restoration of disturbed areas in Pennsylvania commenced, until final soil stabilization was achieved in fall of 2020, Constitution monitored disturbed areas at the required frequencies and coordinated periodic inspections with the Susquehanna County Conservation District to ensure final soil stabilization. These monitoring events were described in the monthly and quarterly reports provided to FERC with applicable information to demonstrate compliance with Section VII Post-Construction Activities and Reporting in FERC's *Upland Erosion Control, Revegetation, and Maintenance Plan* and the wetland and waterbody restoration Sections V.C and VI C of FERC's *Wetland and Waterbody Construction and Mitigation Procedures*. A final monitoring report is located in **Attachment 3** that provides detail and photographs of the cleared right-of-way (ROW) restoration success, illustrating compliance with FERC's Plan and Procedures.

Tree felling limits in Pennsylvania were designated specifically to avoid impacts to identified cultural and archeological features along the pipeline route. Because the Project will not move forward, and no adverse effects to cultural resources have occurred, Constitution's obligations under the November 10, 2015 Programmatic Agreement with the Pennsylvania Historical and Museum Commission are no longer applicable, and Constitution's proposed treatment plans will not be carried out.

Constitution satisfied Certificate Order Condition 23, which required coordination with the U.S. Fish and Wildlife Service ("USFWS"), by developing its Migratory Bird and Upland Forest Plan. The Commission approved the plan by issuing the January 28, 2016 partial Notice to Proceed for tree felling in Pennsylvania. This plan provided for compensation to offset proposed associated impacts. Constitution entered into a Conservation Implementation Agreement with The Conservation Fund on October 23, 2017 where compensation was provided for the tree felling in Pennsylvania in accordance with the Migratory Bird and Upland Forest Plan. Since then, Constitution has approved conservation projects identified by The Conservation Fund in accordance with the agreement. No additional tree felling is proposed in Pennsylvania, and none occurred or will occur in New York (see discussion below), therefore, no additional compensation will be required in either Pennsylvania or New York as per the agreement.

**New York**

No tree felling or earth disturbance occurred in New York. On September 18, 2015, FERC authorized a pre-construction use of Contractor Yard 5B-Guilderland, an existing gravel and paved property in New York, for concrete coating of pipe. Following completion of the pipe coating, Constitution continued to maintain a portion of the Contractor Yard 5B-Guilderland for storage of pipe. At this time, 3,820 40-foot pipe joints are located within the smaller section of the graveled



_____

yard where it will remain indefinitely as provided through a long-term lease with the landowner. Because the Project is not moving forward, the pipe stored at the yard is no longer associated with the Project.  Use of Contractor Yard 5B for pipe storage does not require permits from the New York State Department of Environmental Conservation (NYSDEC) or further monitoring.

Proposed impacts to identified cultural and archeological features in New York have not taken place as there has been no Project work conducted in New York along the proposed pipeline route where the identified features are located.  Because the Project will not move forward, and no adverse effects to cultural resources have occurred, the Programmatic Agreement with the New York State Office of Parks Recreation and Historic Preservation and the associated treatment plan are no longer applicable and Constitution no longer has any obligations under these documents.

**Summary**

In New York, no tree felling or earth disturbance was conducted along the certificated ROW; therefore, no soil restoration activities or cultural or archeological treatment plan activities took place and no monitoring was necessary.  In Pennsylvania, Constitution has removed all structural BMPs and stabilized the disturbed soil in work areas associated with tree felling and removal that occurred in 2016 and 2017.  Monitoring of the disturbed areas from this time until now shows that restoration and revegetation has been successful.  Constitution is providing this final Project status report to the Commission along with a final monitoring report with representative photographs of the ROW (**Attachment 3**) to present the restored vegetative cover.

We thank you for your courtesy and time and attention to this matter and look forward to working with you in the future on other projects.  You may contact me at 713-215-2491 should you have any questions.


Sincerely,
**CONSTITUTION PIPELINE COMPANY, LLC**
**By   Williams Gas Pipeline Company, LLC,**
     **Its Operator**


Lynda Schubring, PMP
Manager Permitting


Enclosures: 1) USACE Wetland Monitoring Report - Final Submission, 2) SCCD Notice of Termination Approval Letter for ESCGP Permit, and 3) FERC Final Vegetation Monitoring Report

Document Accession #: 20201124-5181    Filed Date: 11/24/2020



_____

cc:
Dan Merz, Senior Counsel, Williams
Chris Nichols, Project Manager, Williams
Adam Hills, Environmental Lead, Williams
Stephan Ryba, Chief, Regulatory Branch NY District, USACE
David Stilwell, Field Office Supervisor, USFWS New York Field Office
Tim Sullivan, Field Supervisor, USFWS New York Field Office
Kevin Bowman, Environmental Project Manager, Division of Gas – Environment and
Engineering, FERC
Philip Perazio, NYS Office of Parks Recreation and Historic Preservation
Steven McDougal, Pennsylvania Historical and Museum Commission