FERC
CP18-5-000
CP18-5-001
CP18-5-002
CP18-5-003
CP13-499-000
CP13-499-001
CP13-502-000
CP13-502-001

# United States Court of Appeals
FOR THE
SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of November, two thousand twenty-one.

Present:
>    Debra Ann Livingston,
>         *Chief Judge,*
>    John M. Walker, Jr.,
>    Richard C. Wesley,
>         *Circuit Judges.*

---

New York State Department of Environmental Conservation, et al.,

> *Petitioners*,

v.

Federal Energy Regulatory Commission,

> *Respondent.*

19-4338 (L),
20-158 (Con),
20-208 (Con)

---

Catskill Mountainkeeper, Inc., et al.,

> *Petitioners*,

v.

16-345 (L),
16-361 (Con)

Federal Energy Regulatory Commission,

         *Respondent*,

Constitution Pipeline Company, LLC, et al.,

         *Intervenors*.

---

The above-captioned proceedings are consolidated for purposes of this order. Respondent moves to dismiss as moot these petitions for review; Petitioner Stop the Pipeline moves to dismiss the petitions docketed in 2d Cir. 19-4338, 20-158, and 20-208 for lack of jurisdiction, and moves for vacatur of the underlying agency orders. Environmental & Natural Resources Law Clinic of Widener University Delaware Law School moves to file an amicus brief. Upon due consideration, it is hereby ORDERED that Respondent's motions to dismiss are GRANTED and Stop the Pipeline's motions to dismiss for lack of jurisdiction are DENIED as moot. It is further ORDERED that Stop the Pipeline's motions for vacatur are GRANTED, the underlying agency orders are VACATED, and the cases are REMANDED with instructions to dismiss the agency proceedings. *Lamar Advert. of Penn, LLC v. Town of Orchard Park, New York*, 356 F.3d 365, 375 (2d Cir. 2004) ("The voluntary cessation of allegedly illegal conduct usually will render a case moot if the defendant can demonstrate that (1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." (internal quotation marks omitted)); *Radiofone, Inc. v. Fed. Commc'ns Comm'n*, 759 F.2d 936, 940–41 (D.C. Cir. 1985) (finding vacatur appropriate where agency order was "moot for a reason that deprives the agency action of all operative effect"); *see Bragger v. Trinity Capital Enter. Corp.*, 30 F.3d 14, 17 (2d Cir. 1994) ("When a civil case becomes moot while an appeal is pending, it is the general practice of an appellate court to vacate the unreviewed judgment granted in the court below and remand the case to that court with directions to dismiss it.") (citing *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39–40 (1950)). Finally, it is ORDERED that the motion to file an amicus brief is DENIED as moot.

             FOR THE COURT:
             Catherine O'Hagan Wolfe, Clerk of Court